The Chief Justice
delivered the opinion.
This was an action of ejectment commenced in 1817. The declaration contains two counts, one on the demise of Humphrey Marshidl and wile, and the other on the demise of Alexander K Marshall.
The jury, on the trial of this cause, found a general verdict against some of the defendants, upon which a judgment was eistered; arid as to the appellants, Gore and M’Queen, they found a special verdict, from which it appears that a patent for a large tract of land, including the land in controversy, issued to Thomas Marshall in 1785; that he departed this life in i 802, having, by his last will, *318 devised Jo Anna Maria Marshall, men and still the wife of Humphrey Marshall, >usan M’Chuig, then the wife of William M’Clung, who died in ItflJ, and Alexander K. Marshall, each one third of the land in coniroeers.it, as ttn-ants in common; that about sixteen tears aso J tons (jure settled upon the land in controversy,, under a junior title, and lived there unlit 1805. «hen he died, having, by his Vtill, devised 10U acres of his tract to Mrs. Gore, the appellant, and the residue ot his tract in different parcels to Ids children; apart of the residue of the tract so devised to bis children lying within, and a part without, the boundary of tbe land in controversy; that Mrs Gore has continued ever since to reside on the part devised to her; that there was no other settlement by Gore’s det tsees within the plaintiff*’claim, except what had been made shortly before tbe Commencement of this suit, at a place in the possession of the appellant, M’Queen, w ho holds under oue of Gore’s de-visees.
The statute oflimitat ions of ltiG9 does not run a-g-ainsi a feme covert.
The circuit court gave judgment for the plaintiffs for two undivided thirds ot the lm d in controversy in tbe possession of Mrs. Gore and M’Qit en, being the parts demised by Humphrey Marshall and wife, and i^usan M’Clung; and from that judgment Mrs. Goie and M’Quetn have appealed to this court.
Mrs. Gore having been in the continued adverse possession of the )00 acres devised to her, for more than seven years before the commencement of this action, the statute of limitations of 1809 is a bar to the plaintiffs’ recovery against her, under the demise from Alexander K. Marshall, who does not appear to have labored under anv disability; but the statute cannot operate as a bar to the recovery against her under the demise of Humphrey Marshall and wife, for Mrs. Marshall was a feme covert during all the period of Mrs. Gore’s possession; and the 4th section of the statute provides, that the limitation in the act presented, shall not extend to femes covert. As to Mrs. M’Clung’s part, judgment could not have been rendered for it, because there is no demise from her laid in tbe declaration. Against Mrs. Gore,therefore, the judgment should have been given for only one undivided third, instead of rendering it for two Undivided thirds, as was done by tbe circuit court.
With respect to M’Queen, as neither he nor those under whom be claims, appear to have been in possession of the land in dispute seven years beiore tbe commencement o *319 the suit, the statute is no bar to the recovery against him, «Siier under the demise from Alexander K. Marshall, or from Humphrey Marshall and wife. The j udgment against bina for two undivided thirds was correct; but one third should^have been for Alexander K. Marshall’s part, instead of Mrs. M’Clung’s part.
The statute of limítate ns of 11-09 is no bar untes» the tenant has been sevin year in possession be-, for.- stilt brought
A feme covert is allowed 7 years after discover-ture to sue for land*-
The judgment must therefore be reversed with costs, and the cause remanded, that a judgment may be entered according to this opinion.
On rendering this opinion, the counsel for the appellees suggested a diminution of the record, and thereupon the court awarded a certiorari. On the return of that process, accompanied by a correct transcript of the record, the court made the following modification of the foregoing opinion:
At the last tprm of this court, the judgment of the circuit court in this case was reverstd, because it appeared from the transcript of the record, then filed, that there was no count in the declaration on the demise of \lrs. M’Clung, for whose undivided third, as well as for the undivided third of Mrs Mar hall, the plaintiff had recovered a judgment. But on the suggestion that there was, in this respect, a di« minution of the record, the judgment of reversal was suspended, and a certiorari awarded to the clerk of the inferior court, to certify a more perfect transcript of the record. From the transcript returned with the yertiorari, it now appears (Sift the former transcript was defective, and that the declaration did contain a count on the demise of Mrs. M’Clung. As she had become discovert by the death of her husband, within less than seven years before the commencement of the action, it is clear that the statute of limitations cannot operate as a bar to tier recovery, and consequently the judgment of the circuit court as against Mrs Gore for Mrs. M’Cluug’s as well as for Mrs. Marshall’s undivided third of the land in controversy, was correct. It results, too, that the judgment against M’Queen for the two undivided thirds of Mrs. M’Clung and Mrs. Marshall was proper; and although the judgment as against him might, according to the principles of the former opinion of this court, have been rendered for Alexander K Marshall’s third also, M’Queen cannot, on the ground ibat the judgment a-gaiust him is for less than it ought to have been, have any cause of complaiut.
Hardin tor appetites.
The former judgment of ibis court must, therefore, be set aside and annulled, and the judgment of the circuit court must be affirmed with costs.